UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY ROBINSON,

    Plaintiff,

    v.       CAUSE NO.: 3:24-CV-251-TLS-APR

ST. JOSEPH COUNTY JAIL and SAM,

    Defendants.

**OPINION AND ORDER**

    Larry Robinson, a prisoner without a lawyer, filed a complaint after he was attacked and injured by another inmate at the St. Joseph County Jail. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

    Robinson alleges that on July 8, 2023, an inmate named Sam assaulted him, breaking his nose and giving him a cut above his eye that required stitches. The correctional officer on duty broke up the fight and took Robinson to get medical attention. Robinson sues Sam and the St. Joseph County Jail because he was a "pretrial detainee and [he] was hurt on their watch." ECF No. 1 at 2.

    Pretrial detainees are entitled to protection "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022).

> [T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). However, Robinson does not identify a defendant who could be held responsible under 42 U.S.C. § 1983 for failing to protect him from violence at the jail.

A claim under § 1983 requires that the plaintiff allege he was deprived of a federal right by a person acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020). The St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Similarly, a fellow inmate is not a state actor who was acting under color of state law. Sam cannot be sued under § 1983.[1] Without a viable defendant, this case cannot proceed.

This complaint does not state a claim for which relief can be granted. If Robinson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an

---

[1] There is no other plausible basis for the Court to assert jurisdiction over a claim against Sam. Without a federal claim under § 1983, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367 over a state law claim against Sam. Diversity jurisdiction would have to exist for that claim, alone, to continue here. Diversity jurisdiction requires that (1) the plaintiff be a citizen of a different state than each defendant and (2) the amount in controversy exceed $75,000. 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curiam). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996). Although neither Robinson's nor Sam's citizenship is alleged, it is a reasonable inference that residents of an Indiana jail are also Indiana citizens and therefore the requirements of diversity jurisdiction likely cannot be met.

amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Larry Robinson until **June 21, 2024**, to file an amended complaint; and

(2) CAUTIONS Larry Robinson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 20, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT